UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH A. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No.: 17-cv-3104-MMM |
| | ) |
| WEXFORD HEALTH SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, pursues a § 1983 action alleging a variety of claims arising at the Taylorville Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff began experiencing pain in his right foot on February 20, 2016. Within a week he had developed an abnormal knot on the left side of his great toe. On April 12, 2016, Plaintiff went to sick call where he was seen by Defendant Nurse Smith. Nurse Smith called a second, unidentified nurse in consultation and determined that Plaintiff had a bunion. On April 15, 2016, Plaintiff was seen by Defendant Nurse Craig, for these same complaints. Defendant Craig told Plaintiff she would schedule him to be seen by a physician.

On April 18, 2016, Plaintiff was seen by Defendant Dr. Nawoor. Dr. Nawoor allegedly told Plaintiff that the bunion was caused by the cheap IDOC-issued shoes and would require surgery. Dr. Nawoor asked Plaintiff how much longer he had on his sentence. When Plaintiff told him it was less than a year, Defendant allegedly told him he would have to get the bunion corrected after he was released.

Plaintiff claims that the pain from the bunion was an "8" on a scale of 1-10. Dr. Nawoor prescribed Tylenol but otherwise refused to schedule surgery. Plaintiff complained of the matter to Defendant Galvin, the Healthcare Administrator. He subsequently received a Medical Special Service Referral form which indicated that Defendants Nawoor and Ritz, had discussed his case and determined that it could be medically managed. Plaintiff filed a grievance of the matter which was denied. His appeal to the Administrative Review Board ("ARB") was denied for his failure to file a grievance with the grievance officer.

Plaintiff claims that all Defendants were deliberately indifferent to his serious medical needs. He does not allege, however, in what way the Defendants Nurses Smith, Craig, Emerson or other, Unnamed Nurses were deliberately indifferent. He does not claim that his symptoms were ignored or that they did not treat him for pain. Defendant Nurse Craig told him she would schedule him to be seen by the physician and he was seen three days later. Plaintiff fails to support that any of the Defendants, other than the two physicians, Drs. Nawoor and Ritz, were allegedly deliberately indifferent.

Plaintiff also makes an undeveloped argument that all Defendants failed to intervene. He asserts that Defendant Warden Smith, Healthcare Administrator Galvin, Nurse Smith, Nurse Craig, Nurse Emerson and Unnamed Nurses failed to intervene, presumably by providing him surgery. He does not assert, however, that these Defendants had the authority to order surgery.

2

Without such authority they did not have a reasonable opportunity to intervene. *See Watkins v. Ghosh*, No. 11- 1880, 2014 WL 840949, at *3 (N.D. Ill. Mar. 4, 2014) (for failure to intervene plaintiff must establish that the defendant had a realistic opportunity to prevent the harm and failed to do so). *See also*, *Bey v. Pollard*, 13-952, 2014 WL 5460439, at *4 (E.D. Wis. Oct. 27, 2014) (to be liable, an officer must have had a realistic opportunity to intervene). (Internal citations omitted). The failure to intervene claim is DISMISSED as to all Defendants. As there are no other claims against Defendants Nurses Smith, Craig, Emerson and Unnamed Nurses, they are DISMISSED.

Plaintiff also asserts that Warden Kimberly Smith ("Warden Smith") is liable due to her supervisory position over others. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001). Defendant Warden Smith is DISMISSED.

Plaintiff asserts that healthcare administrator Galvin is liable as she is a final policy maker for Wexford Health Services ("Wexford"). He does not allege that he was injured due to a Wexford policy, but rather, due to an unspecified IDOC policy. Furthermore, a prison health care administrator will not be held liable where the decision whether to undertake surgery was left to the medical professionals. *Cardona v. Pickett*, No. 07-CV-503, 2010 WL 914929, at *7 (S.D. Ill. Mar. 11, 2010). Defendant Galvin is DISMISSED.

Plaintiff also alleges that Drs. Nawoor and Ritz are liable under state law medical malpractice. Medical malpractice claims pled in federal court must comply with state law. *See Fleming v. Livingston Cty., Ill.*, No. 08-CV-1174, 2009 WL 596054, at *2 (C.D. Ill. Mar. 4, 2009). Illinois law requires that a medical malpractice complaint contain an affidavit and written report, known as a "certificate of merit." 735 ILCS 5/2-622(a). Failure to file an affidavit

3

pursuant to § 2-622 is cause for dismissal under 735 ILCS 5/2-619. *Chapman v. Chandra*, No. 06-0651, 2007 WL 1655799, at *2 (S.D. Ill. June 5, 2007).

Here, Plaintiff has not filed a certificate of merit with his complaint and his negligence claim may not go forward at this time. *See* 735 ILCS 5/2-622(a). The case will proceed solely on the claim of deliberate indifference against Defendants Nawoor and Ritz. Plaintiff will have 90 days, however, in which to file a certificate of merit and an amended complaint if he wishes to pursue his negligence claim. If Plaintiff files an amended complaint, it is to include all of his claims and must stand complete on its own without reference to a prior pleading.

Plaintiff also asserts that Defendant Wexford had respondeat superior liability for the alleged deliberate indifference of its employees. Wexford may be liable for a constitutional injury under *Monell v. Dep't of Social Servs. Of City of New York,*, 436 U.S. 658, 691-92 (1978), but only where the injury is caused by it policy or practice. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury.) Plaintiff makes no allegations that he was injured due to a Wexford policy or practice.

**IT IS THEREFORE ORDERED:**

1.    This case shall proceed solely on the claims of deliberate indifference against Defendants Nawoor and Ritz as identified herein. Plaintiff's failure to intervene, respondeat superior and state law medical malpractice claims are DISMISSED. Plaintiff is given ninety (90) days in which to replead his state law malpractice claim and to provide a certificate of merit. All other claims will not be included in the case, except in the Court's discretion upon motion by

a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Wexford, Warden Smith, Galvin, Nurse Smith, Craig, Emerson and Unnamed Nurses are DISMISSED.

    2.    The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

    3.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    4.    Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

    5.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

9. Plaintiff files [5], a motion for recruitment of pro bono counsel and later filed exhibit [8]. While the exhibit contains a handwritten list of several attorneys' offices, it does not indicate that Plaintiff contacted them and made attempts to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, the attorneys he has contacted.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED:    10/6/2017

_____s/Michael M. Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE